## *In re* RILEY'S ESTATE.

*(Surrogate's Court, Cattaraugus County, Filed July 6, 1893.)*

1. LEGACY—ANSWER—SUFFICIENCY.

A motion to dismiss a petition for payment of a legacy bequeathed to the executor in trust for petitioner will be denied when the written answer filed in pursuance of Code Civ. Pro. section 2805 does not contain a specific denial of the validity of the claim, and an affirmative allegation of facts showing the doubtful nature of the claim, as required by that section, but merely presents an issue as to the manner in which the trust is being executed, as to which the surrogate has jurisdiction under Code Civ. Pro. sec. 2472, subd.

2. WILL—CONSTRUCTION—LEGACY FOR SUPPORT.

A testator bequeathed to his brother $1,000 in lieu of all claims of his brother against his estate, and appointed his son trustee of the bequest "to use it for the comfortable support of my said brother, and to pay his funeral expenses," and if any part should remain after the decease of his brother, to divide same amongst testator's sons and daughters. *Held*, that the will neither expressly nor impliedly con-

ferred upon the trustee any authority over petitioner's person, and that he could not compel the latter to reside with him, nor dictate as to where he should reside.

3. SAME.

The petitioner was entitled to demand and receive from the trustee such portion of the legacy as was necessary for his support, without regard to the question of his ability to support himself.

4. SAME.

As the will did not authorize the trustee to determine the amount to be paid for the support of the beneficiary, and did not authorize the beneficiary himself to determine the amount, such amount should be fixed by the court.

Petition to compel payment of legacy. Granted.

T. H. Dowd, for petitioner; M. B. Jewell, for trustee.

DAVIE, S.—The will of James Riley, deceased, was admitted to probate by the Surrogate's Court of Cattaraugus County on the 21st day of September, 1891, and letters thereupon issued to James J. Riley, executor. The will, among various other bequests, contains the following:

"I give and bequeath to my brother, John Riley, the sum of one thousand dollars; said sum of one thousand dollars to be in lieu of, and in full for, any claim that my said brother may have, or claim to have, against me or against my estate, after my decease, and, if not accepted by him in lieu of any such claim, said bequest to become a part of my residuary estate. I hereby appoint my son, James J. Riley, sole trustee of said bequest, without bonds, to take charge of said sum of one thousand dollars, and to use it, for the comfortable support of my said brother, and to pay his funeral expenses; and, if any part of said sum shall remain after the decease of my said brother, said residue or remainder shall be divided equally between my son and daughters."

On the 29th day of May, 1893, the legatee, John Riley, filed his petition under section 2804, Code Civil Pro., alleging among other things, that the said executor and trustee had failed and

refused to provide a comfortable home for the petitioner, and to pay him any money from said legacy with which to provide himself a home. On the return of the citation the trustee appeared, and filed an answer in writing, duly verified, denying the charge of neglect and refusal to provide for the petitioner, and alleging "that he has provided, and been willing to provide, sufficient funds and a home for the said John Riley, and all things sufficient and proper for his comfort and support according to his station in life, but that said John Riley insists on going away from home, and being influenced by the advice of others, who want the funds which may be procured by the peti-- tioner;" and thereupon the said trustee moved for a dismissal of said proceedings, pursuant to the requirements of section 2805, Code Civil Pro.

The determination of the jurisdictional question thus raised was reserved until the final submission of the case, and is now the first subject claiming consideration. The section of the Code referred to (2805) provides that if, upon the return of the citation, an answer in writing, duly verified, be filed, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or upon information and belief, a decree must be made dismissing the petition. The requirements of an answer under this section are the same as under section 2718, where a creditor files a petition to compel the payment of a debt. The character of its contents is distinctly defined. It must contain both a specific denial of the validity of the claim, also an affirmative allegation of facts showing the doubtful nature of the claim. An answer denying the validity of the claim, without alleging the facts, is insufficient. *In re* Macauley, 94 N. Y. 574. So is an answer which alleges the facts without the denial of validity. Lambert v. Craft, 98 N. Y. 343. The answer filed in this proceeding is insufficient, in both form and substance, to divest the surrogate of jurisdiction. It contains no distinct denial of the legality or validity of the claim, nor does it deny the execution or probate of the will, or the existence or

validity of the trust. It does not allege an insufficiency of
funds, or any other valid reason for not performing the trust
in accordance with the spirit and intent of the bequest. It
simply alleges, in substance, that the trustee has performed, and
is willing to perform, the duties of the trust. The only issue
presented by the answer relates to the manner in which the trust
is being executed, and that is a matter peculiarly within the
jurisdiction of the Surrogate's Court. Express authority is
conferred upon Surrogate's Courts to direct and control the con-
duct of testamentary trustees (section 3472, subd. 3); and to
hold that an answer which simply puts in use the conduct of
the trustee ousts the court of jurisdiction would render the
provisions of the Code, last above cited, practically nugatory.
The motion to dismiss the petition herein must be denied, and
the case disposed of upon its merits.

The petitioner, who is now of the age of about 60 years, hav-
ing no family of his own, had resided with the testator for
several years prior to the decease of testator. After his death
the trustee, who is one of the principal legatees under the will,
continued to maintain the homestead, and petitioner resided
with him continuously until the 25th of May, 1893, and during
such period was reasonably well supplied with the comforts of
life by the trustee. On that day, however, an altercation took
place between petitioner and the trustee, and, in consequence,
petitioner went to reside with a brother in the village of Sala-
manca. The attitude of the trustee in this matter, which per-
haps is not so distinctly indicated by the answer as by the evi-
dence produced upon the trial, is that he is willing to support
and maintain petitioner at his own home, but that he is unwill-
ing to advance any money out of said legacy to procure support
for him elsewhere. The trustee asserts that he is clothed with
a discretion as to the particular manner of executing this trust,
and that his requiring the petitioner to reside with him is only
a reasonable and legitimate exercise of such discretion, with
which the court should not interfere. It is undoubtedly true
that, where a trustee is given a discretion as to the method of

performing the trust, courts will not ordinarily interfere with a reasonable use of such discretion; but the claim of the trustee in this case is neither sustained by law, nor consistent with the equities. It is quite apparent that the legacy to the petitioner was not a gratuity prompted by love and affection, but a legacy in satisfaction of a debt. Hence, if there was any ambiguity in the terms of the bequest, it should receive a liberal construction in favor of the petitioner. But no such ambiguity exists. The will neither by its express terms nor by implication confers upon the trustee any authority over the person of the petitioner, nor does it give him the right to dictate as to where the petitioner shall reside. The bequest of the $1,000, or so much thereof as may be necessary for the maintenance of petitioner during life, is absolute, not dependent to any extent upon his place of abode. Petitioner has the free and unrestricted right to reside where he desires. Forman v. Whitney, 2 Abb. Dec. 163.

The petitioner is entitled to demand and receive from the trustee such portion of said legacy as is necessary for his support and maintenance, without regard to the question of his ability to support himself. Holden v. Strong, 116 N. Y. 471, 22 N. E. Rep. 960.

The will, in this case, does not make the trustee the judge of the amount required by the petitioner for his support, nor does it make the petitioner himself the judge of his own necessities. Where a will does not authorize the trustee to determine the amount to be paid for the support of the beneficiary, and does not authorize the beneficiary himself to determine the amount, such amount should be fixed by the court. Bundy v. Bundy, 38 N. Y. 410. The petitioner is a man of usually good health for one of his age, and at the present time undoubtedly capable of contributing to some extent, by his own exertions, to the expense of his maintenance. It does not appear that he has any property, aside from the avails of the legacy. Consequently, a proper regard for his future welfare and comfort dictates an economical management of this fund, and no greater amount

should be directed to be paid to him than actually necessary; and I am satisfied, from the evidence in the case, that the sum of $150 per annum will be sufficient. And in fixing the limit at the comparatively small sum named I have considered the interests of the petitioner, alone, and not, to any extent, those of the residuary legatees, who are entitled to take whatever may remain of this fund after the death of the petitioner.

The evidence given upon the trial was largely directed to the conduct of the parties on the 25th of May, 1893, when the difficulty arose between them; the petitioner claiming that the trustee, on that occasion, assaulted and beat him without reason, and the trustee, on his part, denying such charge, and asserting that such injuries as the petitioner then received were occasioned by his intoxication. The evidence is very contradictory, and by no means satisfactory, upon this subject; but it is of little consequence who was the party in fault at that time, so long as it now appears that the feeling of ill will thereby engendered, and still existing, between the parties, would render the home of the trustee by no means a congenial place of abode for the petitioner, and affords an additional reason for holding that the support and maintenance of the petitioner is not dependent to any extent upon the continuance of his residence with the trustee.

The amount to which the trustee is entitled on account of expenses incurred in the support of the petitioner will be adjusted and allowed to him upon his judicial settlement as such trustee, and in the meantime the trustee should file in the office of the surrogate an annual account of his proceedings as such trustee, and should also set apart the balance unexpended of this legacy, keeping the same invested, so far as practicable, for it is more than likely that the trustee would be required to account for interest upon this fund in case the principal proves insufficient for the support of petitioner during his lifetime.