(117 App. Div. 668)

### SUESENS et al. v. DAIKER et al.

(Supreme Court, Appellate Division, First Department. February 25, 1907.)

TRUSTS—ALLOWANCES TO CHILDREN—MAINTENANCE AND SUPPORT—MOTION—SUFFICIENCY.

Where the will of a mother provided that her child should be supported from the income of her residuary estate, if it was necessary, the principal and interest of such estate to be paid to the child on his coming of age, a motion for an order directing the executors and trustees to apply this income to his support, which did not disclose the inability of the father to adequately support his child, was insufficient.

Appeal from Special Term, New York County.

Action by Herman Suesens and another, as executors and trustees under the last will and testament of Matilda S. Daiker, deceased, against Herman G. Daiker, impleaded with others. From an order denying a motion of defendant Herman G. Daiker, he appeals. Order modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Simon Sultan, for appellant.
Cyrus C. Miller, for respondents.

HOUGHTON, J. Appellant is an infant, whose mother died leaving a last will and testament, of which respondents are executors and trustees, which provided that the residue of her estate should be invested and the income applied to the maintenance and support of appellant during his minority, and on his arriving at the age of 21 years any accumulations from the income and the principal to be paid over to him or his issue. The moving papers disclose that the appellant is only three years of age, and in such ill and unfortunate condition

that he requires more than ordinary care. The motion was for an order directing the executors and trustees to apply the income, which amounts to about $1,500 per annum, and what has accumulated in the hands of the trustees, to the payment of past expenses incurred in the care of appellant, and for the fixing of a sum to be regularly paid in the future for his support and maintenance. The motion was denied, on the ground that the papers did not disclose the financial inability of the father to adequately support his child.

The language of the will of the mother shows her intention that her child or children should be supported from the income of her residuary estate, if there was necessity to resort to such a source. If the earning capacity and financial ability of the father is inadequate to properly care for appellant, such part of the income as is necessary should be applied to that purpose. On another motion the facts and circumstances can be fully developed, and to that end we think the order should be modified, by permitting a renewal of the motion upon additional papers. We express no opinion with respect to the propriety of paying past expenditures. That matter can be determined when it more fully appears how they were incurred, and for what and by whom paid.

The order should be modified, by giving the appellant leave to renew on additional papers, and, as so modified, affirmed, without costs. All concur.