granted the motion, it was not an abuse of discretion, under the circumstances of this case, to deny it.

The order appealed from should therefore be affirmed, with $10 costs and disbursements to the respondent. All concur.

In re GOODWIN'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

1. WILLS—TESTAMENTARY TRUSTS—CONSTRUCTION—DISCRETION OF TRUSTEES.
    Where a will directed testamentary trustees to apply from the share of each of testator's children so much as might be necessary for the support, maintenance, and education of such child, the trustees did not have discretion as to the amount to be allowed; but the question was one to be judicially determined by the surrogate.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1605, 1606.]

2. SAME—RIGHTS OF CESTUIS QUE TRUST.
    On a petition by the guardian of minor children for an allowance for their maintenance and education from their shares under the will of their father, evidence considered, and held to show that an allowance of $2,-000 per year each should be allowed.

Appeal from Order of Surrogate.

Judicial proceedings on the estate of John Goodwin, deceased. Appeal by the guardian of certain infant children of decedent from an order denying a motion to direct the executors and trustees under the will of decedent to pay to petitioner a certain sum per month for the support of each of the infants. Reversed, and application granted, with directions.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John J. Lenehan, for appellant.
John T. Booth, for respondents.

INGRAHAM, J. There are three infant children, aged five, three, and one year, respectively. The testator died on April 12, 1906, and the petitioner, the mother of the children, was appointed their guardian by the surrogate. The estate consists of real and personal property of the value of about $800,000. The share of each of the infants will amount to about $125,000; the net income of such share being upwards of $4,000 per year. The will of the testator gave $5,000 to his wife, which he directed the executors to pay to her immediately after their qualifying as such for the immediate wants of herself and children, appointed his wife guardian of the persons of his children, appointed two executors and trustees, and gave to his said executors and trustees all the remainder of the estate after certain specific legacies in trust to divide the estate as follows: One share to consist of one-third of all his residuary estate to be paid to his wife, and the other two-thirds to be divided into as many shares as he should leave him surviving children. Until the division of his estate, he directs that the income be paid one-third to his widow for her sole use and ben-

efit and the balance of the income to be held in equal shares for the benefit of his children, and become part of the trust fund provided for each of them, "applying however from each of such shares so much as may be necessary for the support, maintenance and education of each of my children except my son Charles Laracy Goodwin, his support and maintenance being sufficiently· provided for under the will of his mother." The residuary estate has not yet been partitioned, and the trustees ·have received as the net income of the estate for the year ending April 22, 1904, over $4,000 belonging to each of the infants. The executors and trustees during the year ending April 22, 1907, paid to the petitioner, the mother of the infants, for their support and maintenance $2,000 per year for the two older children and $1,500 a year for the youngest child. The executors and trustees interposed an answer to the petition in which they state that they had offered to allow the petitioner the sum of $1,500 a year for each of the said children for their support and maintenance, which sum they deem a suitable and proper amount for their support, and the executors and trustees respectfully submit the question as to the amount that should be applied for the maintenance and support of the said children to the court, and ask that an order be made fixing the amount of such allowance. Instead of acceding to this request, the learned surrogate denied the application.

It does not seem to me that this disposition of the matter was justified. The will does not give to the trustees discretion as to the amount to be allowed for the support and maintenance of the children; but directs that there shall be applied from each the income to be held for the children so much as may be necessary for their support, maintenance, and education. The question as to the amount that should be awarded for the support, maintenance, and education of the children was a question to be judicially determined by the surrogate. None of the facts stated in the affidavit and petition of the children's mother are disputed. It appeared that she had expended from May, 1906, to May, 1907, for the support of the three children the sum of $5,622.79; that all three of the children are delicate, and their health requires constant care and many unusual expenditures; that the petitioner has been compelled to have a physician in almost daily attendance on the children with consultations of other physicians and a specialist; that she has sometimes required two trained nurses, for which she has paid over $500; that the proportion of each. child's household expenses is $2,100 a year. Considering the condition of the children and the necessity of physicians and nurses it seems to me that the sum of $2,000 per year for each child is not excessive. It is less than one-half their income. There is not the slightest suggestion that the mother of these children is not devoting herself solely to their welfare, or any fact from which it would appear that any of the money that has been paid to the petitioner has been applied in any way except for the proper support, maintenance, and welfare of the children.

I think, therefore, the order appealed from should be reversed, and the application granted, and the trustees be directed to pay to the petitioner the sum of $2,000 per year from the income of each of these children until the final partition and division of the estate, with leave

to either party to apply to the surrogate to change this amount in case
the present conditions should change, with $10 costs and disbursements
of this appeal to the petitioner, to be paid out of the accumulated in-
come of these three infants. All concur.