Judgment reversed and new trial ordered. Order to be settled on notice.

---

In the Matter of the Estate of ROBERT WARD, Deceased. HELEN J. NIMS, Appellant; DANIEL A. PIERCE, as Trustee, Respondent.

Fourth Department, January 15, 1919.

**Trust — appeal from order of Surrogate's Court directing that beneficiary be paid certain sum from principal for her support and maintenance — Appellate Division will not construe will and direct judgment where remaindermen are not parties — discretion of trustee to preserve trust fund.**

Upon appeal from an order of the Surrogate's Court denying a petition by a beneficiary under a testamentary trust that she be paid a certain sum for her support and maintenance from the principal of the trust fund, *held*, that the remaindermen not being made parties to the proceeding, the court is not called upon to construe the will and direct a judgment, and that the proceeding should be remitted to the Surrogate's Court, which has ample power to construe the will and effectuate the intention of the testator.

*It seems*, that the petitioner is entitled to be given such a sum yearly as is necessary for her support and maintenance in circumstances fitting and reasonable in her station in life, and that the only discretion vested in the trustee is to preserve the trust fund from extravagance and waste by the petitioner.

APPEAL by Helen J. Nims from an order or decree of the Surrogate's Court of the county of Onondaga, entered in the office of said Surrogate's Court on the 16th day of October, 1917, denying her petition for an order that she be paid a certain sum for her support and maintenance from the principal of a trust fund provided by the will of Robert Ward, deceased.

The decree appealed from adjudged that the court ought not to interfere with the exercise by the trustee of his discretionary power to make advancements from the principal of the trust fund to the petitioner and that where the trustee had declined to make such advances the petitioner was without remedy unless an abuse of the trust was established.

*Frank Hopkins,* for the appellant.

*Daniel A. Pierce,* for the respondent.

PER CURIAM:

By subdivision 7 of the will the trustee is directed to invest the sum of $6,000 in trust and to pay over the income thereof to the petitioner for her support and maintenance during lifetime. It is further provided that in the event that the income prove insufficient for such proper care then the trustee may use so much of the trust principal as may be necessary for such purpose, also that upon her death the trustee is directed to pay her funeral expenses and erect a suitable headstone to mark her grave, and that any balance that may remain shall fall into the residuary estate for the benefit of the remaindermen.

We are impressed with the soundness of the contention that the petitioner is entitled to be given such a sum yearly as is necessary for her support and maintenance, in circumstances fitting and reasonable in her station in life, and that the only discretion vested in the trustee is to preserve the trust fund from extravagance and waste by the petitioner.

The remaindermen are not made parties to these proceedings, and, therefore, we are not called upon at this time to construe the will and direct a judgment in the case. The proceedings are remitted to the Surrogate's Court for such action as to the petitioner as may seem proper. We are of the opinion that

the surrogate has ample power to construe the will and effectuate, by a proper decree, the intention of the testator.

All concurred.

Order reversed, with costs to appellant payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings.