In the Matter of the Accounting of THE MANUFACTURERS NATIONAL BANK OF TROY, as Trustee under the Will of FREDERICK R. MARTIN, Deceased.

HOME FOR THE AGED OF THE LITTLE SISTERS OF THE POOR OF TROY, Appellant; THE MANUFACTURERS NATIONAL BANK OF TROY, as Trustee, et al., Respondents.

(Argued November 21, 1935; decided January 7, 1936.)

*James V. Coffey* and *Eugene V. Coffey* for appellant. The will gives no express discretion in the trustee. None can be implied. Therefore, it was the duty of the Surrogate to fix and decree the amount, if any, of principal payable to the beneficiary. (*Bundy* v. *Bundy,* 47 Barb. 135; 38 N. Y. 410; *Matter of Riley,* 4 Misc. Rep. 338; *Matter of Goodwin,* 122 App. Div. 800; *Matter of Ward,* 186 App. Div. 261.) Failure to appeal from the original decree precluded the beneficiary from reviewing the determination of a question of law on which that decree was based. Under the guise of a modification the original. decree has been reversed. (*Matter of Youker,* 217 App. Div. 347; *Matter of Droney,* 231 App. Div. 674; *Herpe* v. *Herpe,* 225 N. Y. 323; *Matter of Brennan,* 251 N. Y. 39; *Matter of Starbuck,* 248 N. Y. 555; *Matter of Henderson,* 157 N. Y. 423.) Under the terms of the will, it was proper that the Surrogate consider the independent resources of the beneficiary in determining whether and to what extent it was necessary to invade the principal for the care, support and comfort of the beneficiary. (*Matter of Title Guaranty & Trust Co.,* 195 N. Y. 339; *Matter of Gatehouse,* 149 Misc. Rep. 648; *Holden* v. *Strong,* 116

N. Y. 471; *Rezzemini* v. *Brooks*, 236 N. Y. 184; *Matter of Shea*, 140 Misc. Rep. 710; 234 App. Div. 176; *Matter of Blanchard*, 232 App. Div. 361; *Matter of Van Zandt*, 231 App. Div. 381; *Matter of Hogeboom*, 219 App. Div. 131; *Matter of Niles*, 122 Misc. Rep. 17; *Matter of Johnson*, 123 Misc. Rep. 834; *Matter of White*, 135 Misc. Rep. 377.)

*John J. Mackrell* for Margaret C. McDonnell, respondent. It is for the trustee and not the Surrogate to determine how much the beneficiary requires for her care, support and comfort. (*City Bank Farmers' Trust Co.* v. *Smith*, 263 N. Y. 292; *Ireland* v. *Ireland*, 84 N. Y. 321; *Matter of Hilton*, 174 App. Div. 193; *Matter of Shea*, 234 App. Div. 176; *Matter of Smith*, 150 Misc. Rep. 261.) It was within the power of the Surrogate at any time to strike out that provision of the original decree which fixed a specific sum to be paid annually to the beneficiary for her requirements. The invasion of the principal directed by the testator in the will made the care, support and comfort of the respondent during her natural life a charge against the entire trust fund, irrespective of her other resources. (*Rezzemini* v. *Brooks*, 236 N. Y. 184; *Matter of Gatehouse*, 149 Misc. Rep. 648; *Matter of Briggs*, 101 Misc. Rep. 191; *Matter of Niles*, 122 Misc. Rep. 17; *Matter of Johnson*, 123 Misc. Rep. 834; *Matter of Hogeboom*, 219 App. Div. 131; *Holden* v. *Strong*, 116 N. Y. 471.) The provision in the decree of the Surrogate limiting the respondent to $2,800 annually for her care, support and comfort was contrary to the manifest purpose and intention of the testator. (*Colton* v. *Fox*, 67 N. Y. 348; *Matter of Soley*, 150 Misc. Rep. 839; *Matter of McDuffie*, 148 Misc. Rep. 821; *Matter of Pulis*, 220 N. Y. 196; *Matter of Tamargo*, 220 N. Y. 225; *Tilden* v. *Green*, 130 N. Y. 29.)

HUBBS, J. Frederick R. Martin died at Troy, New York, on February 6, 1926, leaving a last will. The will named his aunt and the respondent, The Manufacturers National Bank of Troy, as executrix and executor. His

aunt having predeceased him, the bank was the only executor to qualify.

Under the third clause of his will, his executors were given the residue of the estate in trust for a named beneficiary for life. Upon her death the executors were directed to pay certain legacies from the principal of the trust fund. As to the balance the will provided:

" 5. All the rest, residue and remainder of said trust fund, I direct said Trustees to continue to hold and keep invested as aforesaid and to pay over to my cousin, Margaret C. McDonnell, who now resides at No. 141 Third Street, Troy, N. Y., the net income thereof, in quarter-yearly installments, and such part of the principal thereof as she may require for her care, support and comfort, during her natural life.

" 6. Upon the death of my said cousin, Margaret C. McDonnell, I give, devise and bequeath the principal of the trust estate hereby created, as the same shall then exist after such withdrawals of principal of the trust estate as are herein provided for, to the Little Sisters of the Poor, a charitable organization having a home for the aged on Ninth Street, in the City of Troy, N. Y."

The bank having filed its account of proceedings as executor, Margaret C. McDonnell, the beneficiary named in paragraph 5 of the third clause of the will, applied to the Surrogate " for the determination of the Surrogate of the amount to be paid to her annually for her care, support and comfort."

In that proceeding, she asked that the trustee be directed to pay to her the sum of $8,000 per annum. The annual income of the trust fund at that time was approximately $4,000 and on July 14, 1927, an amended decree was made by the Surrogate directing the executor to pay to her all income earned if in excess of $4,000 and that amount in any event. That sum the bank continued to pay until 1934, when it filed its account of proceedings as trustee and presented a petition praying for an intermediate judicial settlement of the same.

In the latter proceeding, the appellant Home for the Aged of the Little Sisters of the Poor, of Troy, New York, beneficiary under the sixth paragraph of the third clause of the will, filed a petition which set forth that the income from the trust fund was inadequate to pay $4,000 annually to Margaret C. McDonnell, that it was not necessary that such sum should be paid to her for care, support and comfort as she had an income separate and apart from the trust fund and that if said trust fund was depleted because of the payment to her of the sum of $4,000 the principal thereof would be diminished to the loss and injury of the appellant.

Testimony having been taken which indicated that at that time the annual income of the trust fund was approximately $2,800 and that the respondent Margaret C. McDonnell then had an income of approximately $2,000 per year as a teacher, the Surrogate made a decree effective January 1, 1935, providing that the income if $2,800 or more and in any event the sum of $2,800 be paid to the beneficiary Margaret C. McDonnell annually for her care, support and comfort. From that decree the respondent Margaret C. McDonnell appealed to the Appellate Division which modified the decree of the Surrogate by striking out the provision fixing specific amounts to be paid to the beneficiary Margaret C. McDonnell and directing the trustee to pay over to the beneficiary the whole of the net income of the trust fund as provided in the will and in addition thereto " such part of the principal thereof as in the judgment and discretion of said trustee may be required for her care, support and comfort."

The first question to be considered upon this appeal is whether paragraph 5 of the third clause of the will makes the gift from principal conditional, not upon the insufficiency of income to meet the expense of such care, support and comfort, but upon the actual needs or requirements of the beneficiary therefor. The Appellate Division has decided that the gift is broad enough to cover the entire expense of providing for the care, support and comfort

of the beneficiary irrespective of her independent means. Support for that conclusion is said to be found in the decisions of this court in *Holden* v. *Strong* (116 N. Y. 471, 473) and *Rezzemini* v. *Brooks* (236 N. Y. 184).

In the first of those cases the testator gave the trustee "full power and authority to use so much of the trust fund, either interest or principal, as shall, in his judgment and discretion, be necessary for the proper care, comfort, and maintenance" of his son. That proceeding was one instituted by the beneficiary to procure a construction of the will, not one where the interests of a remainderman were alleged to be put in jeopardy by an invasion of the principal. The court did say that the beneficiary was entitled to full support irrespective of earning capacity. An analysis of the language there used would seem to indicate a clear intent on the part of the testator to give of principal and income an amount which in the judgment and discretion of the trustee would fully provide for the proper care, comfort and maintenance of the beneficiary. The gift of principal is as broad as the gift of interest. It is clearly not a gift of income with a condition attached as to the invasion of principal. Moreover, the beneficiary, a son, was shown to be a person below normal, mentally and physically, who had been insane and for whom the testator might be expected to have great solicitude.

In *Rezzemini* v. *Brooks* (*supra*, p. 191) the gift was of the income of a trust with a further provision in the following language: " If the income from my estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose."

Upon the death of the beneficiary, the principal of the trust, " or so much thereof as may then remain," was given to the remaindermen. The court held that the gift was one of care and support , irrespective of sufficiency of income of the fund or of the independent resources of the

beneficiary. The language there used indicates that the gift was one of income of the fund and so much of the principal thereof as might be necessary for a specified purpose, the purpose specified being " the proper support of my said son."

The gift from principal was not in terms made conditional upon the necessities of the son but rather upon the insufficiency of income to provide care and support.

Apparently this court has not passed upon a case where the language used in a will containing a trust provision for care and support is practically identical to that used in the will now before us. Testamentary trusts depending for interpretation upon substantially similar language to that here used have been under consideration in other courts of this State. A number of those cases are collated and commented upon in *Matter of Gatehouse* (149 Misc. Rep. 648). Perhaps the closest parallel to the situation here presented was involved in *Matter of Hogeboom* (219 App. Div. 131, 132) where the testatrix gave the remainder of her estate to her husband, " he to have only the income thereof, unless he shall need it for his support and maintenance, when he shall have the right to use so much of the principal which together with the income thereof shall be necessary for his comfortable maintenance and support." The court there decided that the private resources of the beneficiary must be taken into consideration in determining the sum which he was entitled to receive from the principal of the estate.

In other cases where a similar conclusion was reached, the gift from principal could, by the language used, be separated from the gift of income and was made conditional upon the needs or requirements of the beneficiary. The gift of support and maintenance in so far as it permitted invasion of the principal was not made absolute but dependent upon the needs or requirements of the beneficiary. The learned Surrogate in *Matter of Gatehouse* distinguishes the decisions in the *Rezzemini* and *Holden* cases on the ground that in each of those cases the bequest

was of full maintenance and support with no condition of need attached.

The similarity of the language used in the will under consideration in *Rezzemini* v. *Brooks* (*supra*) to that used in the will now before us makes the difference in extent of the bequest granted somewhat difficult to distinguish, but a careful reading of the provisions of the two wills makes clear the fact that in *Rezzemini* v. *Brooks* the intent was to provide from the trust fund full care and support, whereas in the will now before us invasion of the principal was made dependent upon the needs or requirements of the beneficiary.

The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists.

We have reached the conclusion that Margaret C. McDonnell, the respondent, is entitled to have applied for her care, support and comfort a portion of the principal of the trust fund only in the event that the income from the trust fund supplemented by her independent income shall be insufficient to provide for her proper care, support and comfort.

This leads to the question as to the jurisdiction of the Surrogate to determine the proper amount required by the beneficiary for her care, support and comfort. In attempting to arrive at a solution of that problem we must first ascertain whether under the terms of the bequest, discretion is vested in the trustee to determine the amount required by the beneficiary.

It is contended on the part of the respondent that the will does not constitute the Surrogate the judge of how

much the beneficiary may require for her care, support and comfort and on the part of the appellant that the will gives no express discretion to the trustee and that none can be implied. It is quite clear that the will does not give to the trustee in express terms a right to exercise discretion in determining the amount required by the beneficiary. It is directed to pay the net income and such part of the principal as the beneficiary may require. Since the word require is to be construed as meaning need or necessity, power is not conferred on the beneficiary to specify how much she shall be paid. The amount, if any, in excess of income to which she may from time to time be entitled to receive presents a pure question of fact which, like any similar question, the interested parties have a right to have determined in a judicial proceeding unless the testator has specified otherwise. That he has not done in express terms and he has not used words from which he may be said to have done so by implication. Where a will is silent as to who shall determine the amount necessary for the care, support and comfort of a beneficiary, and the right to use principal is made dependent upon the needs of the beneficiary, a question is presented for judicial determination. (*Bundy v. Bundy*, 47 Barb. 135; affd., 38 N. Y. 410. See, also, *Matter of Riley*, 4 Misc. Rep. 338; *Matter of Goodwin*, 122 App. Div. 800; *Matter of Ward*, 186 App. Div. 261.)

No practical difficulty is presented in the administration of a trust as a result of a finding that the amount to be paid from principal is for determination by the court in the first instance, since action by a trustee is always subject to review, and determination of the reasonableness and propriety of payments made by a trustee would depend upon substantially the same proof as is required in determining by decree the amount necessary to be paid.

Even were it to be held that discretion is vested in the trustee herein to determine the amount of principal, if any, necessary for the care, support and comfort of the

beneficiary, it is doubtful whether the respondent is in a position to question the jurisdiction of the Surrogate. The precise question here presented was submitted by respondent in a proceeding involving the particular trust estate, pursuant to a stipulation that " all parties interested agree that the matter should be submitted to the court for such order as the court believes just and proper under the circumstances."

Submission of the question resulted in a decree from which respondent did not appeal and the benefits of which she has enjoyed over a long period of years. To hold that she may now in the absence of an appeal from the original decree avoid the effect of that stipulation when one of the parties to that proceeding seeks a modification of the decree would result in confusion in the administration of estates.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, CROUCH, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., not sitting.

Ordered accordingly.