ESTATE OF CURTIS : BERGH and another, Trustees, Appellants, vs. CURTIS, Respondent.*

*May 27—July 1, 1948.*

* Motion for rehearing denied, without costs, on September 14, 1948.

For the appellants there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *William H. Spohn.*

For the respondent there was a brief by *Murphy, Armstrong & Gavin* of Madison, and oral argument by *Perry Armstrong* and *Stephen E. Gavin.*

ROSENBERRY, C. J.   The issue presented by the pleadings in this case is whether the income from the trust estate for the year 1947 is sufficient to maintain the petitioner in accordance with the terms of the will.   While the proceeding began early in 1947 no conclusion was reached until December 9, 1947, at which time the judgment required the petitioner to advise the trustees as to her actual expenses, which she did, in response to which the trustees filed a declaration alleging that the income which Jessie L. Curtis received in 1947 was adequate to provide for her care and support in the manner contemplated for her under the will.

The court did not decide the issue thus raised.   It is apparent that the judgment of December 9, 1947, called for an accounting, the purpose of which was of course to determine the issue made by the pleadings.   It was therefore, not in name but in substance, an interlocutory judgment.   The will having been construed by the judgment entered May 1, 1947, the only issue remaining for determination was whether the income from the trust estate was sufficient to maintain the petitioner in the manner provided for by the will.

An examination of paragraphs 6 and 7 of the findings of fact discloses that those "findings" do not deal with facts. They are in effect conclusions of law or parts of the judgment and will be so treated in our consideration of the controversy. *Tesch v. Industrial Comm.* (1930) 200 Wis. 616, 229 N. W. 194.

In view of the fact that the record must be returned to the trial court for a determination of the issue made by the plead-

ings and the entry of a final judgment we deem it appropriate to discuss some of the matters that will be under consideration upon the hearing.

The judgment entered on May 1, 1947, by which the court determined that the will granted "to the trustees the discretion as to whether or not the income payable to Jessie L. Curtis from the trust estate is sufficient to properly maintain and care for the said Jessie L. Curtis" did little if anything more than repeat the provisions of the will. Taken in connection with the opinion of the court it is clear that the court did not intend thereby to vest the trustees with discretion to alter the standards established by the will. The language of the will is:

"If the income from such trust fund shall not be sufficient to maintain and care for my said wife comfortably, then it is my will and wish and I hereby authorize and direct my said trustees or trustee, as the case may be, to pay to her from time to time out of the corpus of the trust estate such additional sums as she may desire and request for her comfort, due consideration being given to her age, condition of health and position in society. Such payments shall not exceed $2,500."

The will is not happily phrased, but it clearly appears that she is to determine whether she is in need of additional funds and her request is to be granted, due consideration being given to her age, condition of health, and position in society. It is clear that the trustees are not to take charge of her life and determine what additional amount, in their judgment, considering her income from other sources as well as the trust estate, is necessary to enable her to live in comfort. The will in effect makes an appropriation from the trust estate of $2,500 per annum during the natural life of the petitioner. Additional payments are to be made to her therefrom for her comfort, considering her age, condition of health, and position in society, if she so desires. There is no indication in the will that whether additional payments should be made from the corpus was to depend upon the judgment of the trustees as to her necessities,

or that in determining the time and amount of payment the trustees were to consider anything but the income from the trust estate. In making their determination the trustees considered her "income" and did not limit their consideration to income from the trust estate. In that respect they were clearly in error. *Matter of Martin,* 269 N. Y. 305, 199 N. E. 491.

While the will does not require the petitioner to account to the trustees for the disposition of the income from the estate, the trustees are certainly entitled to some information in regard to her situation in order to determine whether the income from the trust estate is sufficient to maintain the petitioner in accordance with the terms of the will. The suggestion of the trial court in that respect indicates a proper method. While the discretion conferred upon the trustees by the will is not broad, consideration for its exercise is to be found in Restatement, 1 Trusts, pp. 479, 480, sec. 187, comment *d.*

It is considered that the trial court correctly held that the trustees should disregard payment of interest and principal or other expenses in connection with the mortgage executed by the petitioner upon the homestead. It is also considered that the items necessarily expended for current repairs and necessary improvements in order to make it comfortable for the use of the petitioner should be taken into account. The trial court correctly held that the trustees should consider necessary expenses for nursing care, medicine, medical care, food for the petitioner and her attendant, if any, heat, real-estate taxes, and repairs. She is to be supported in comfort, not on the verge of need.

The will makes no provision for the payment of taxes assessed against the petitioner personally. It is clear, however, that the testator intended that his widow should continue to reside in their home and one of the necessary provisions therefor is the payment of taxes assessed against the homestead, which should also be considered by the trustees. As to these items the will imposes upon the trustees a duty. They are

expenditures necessary to provide for the maintenance of the petitioner in comfort.

If upon the final hearing it should appear that the income from the trust estate for the year 1947 is not sufficient to provide for the petitioner, the year having nearly expired before the interlocutory judgment was entered, the final judgment should be for the payment in addition to income from the trust estate of such sums from the corpus for the year 1947 as may be found to be necessary to discharge the liabilities of the petitioner for an additional sum not exceeding $2,500. The trustees having failed to exercise a proper discretion under the facts of this case, the matter should be determined finally in this proceeding.

In order to carry out the wishes of the testator satisfactorily it is necessary for the petitioner and the trustees to co-operate. When demand is made upon the trustees such demand should be accompanied, as already stated, by the statement of the petitioner's wishes in regard to the matter. If they are reasonable and do not exceed the limitation provided in the will payment should be made at such times and in such amounts as the trustee shall determine.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the trial court for further proceedings.

Martin, J., took no part.

The following opinion was filed September 14, 1948:

Rosenberry, C. J. (*on motion for rehearing*). Appellants move for rehearing and ask for a clarification of the opinion and propound the following question: Which of three possible authorities is the proper one to determine whether the incomes of the trust estate are sufficient to support the petitioner in the manner outlined in the will, that is: (a) The petitioner herself, (b) the trustees, or (c) the court?

The will provides:

"If the income from such trust fund shall not be sufficient to maintain and care for my said wife comfortably, then it is my will and wish and I hereby authorize and direct my said trustees or trustee, as the case may be, to pay to her from time to time out of the corpus of the trust estate such additional sums as she may desire and request for her comfort, due consideration being given to her age, condition of health and position in society."

It is considered that this provision, taken in connection with what is said in the opinion, makes it plain that the initiative is with the beneficiary. She is to have such additional sums as she may desire and request for her comfort. If she makes a request for such a contribution from the trust estate it is the duty of the trustees to comply with it, providing such request does not exceed the limitation provided in the will. As was said in the opinion, she should make the request and the trustees should grant it if within the provisions of the will as construed.

Appellants again urge upon our attention *Matter of Martin,* 269 N. Y. 305, 308, 199 N. E. 491. The will in that case directed the trustees to pay the named beneficiary the net income "and such part of the principal thereof as she may require for her care, support and comfort, during her natural life." Upon the basis of a prior determination of the lower court not appealed from, the word "require" was construed to mean "need or necessity." There is a wide and clear distinction between the language of the will in this case and the language of the will in the *Martin Case.* If we should accept the definition of the word "require" given by the court of appeals, which we would hesitate to do, the *Martin Case* would not be applicable.

Webster defines "desire" as follows: "To long for; to wish for earnestly; to covet; to hope for." To give what the beneficiary may hope or wish for certainly is a much more ample and generous gift than one based upon need or necessity. If

the petitioner should make a request for money to distribute to her friends and relatives that would seem to be clearly a request for something beyond the means to make her comfortable. If she makes a request for items properly related to her comfort under the terms of the will as construed, as has already been said, it is the duty of the trustees to grant it when and as made. As was said in the opinion, the satisfactory administration of the trust created by this will requires the friendly co-operation of the trustees and the beneficiary. If the trustees refuse a proper request made by the beneficiary the matter will be for the court in a proper proceeding.

*By the Court.*—Motion for rehearing denied. It is further ordered that the costs of this case be paid out of the corpus of the estate, including disbursements and reasonable attorneys' fee for counsel on each side, the amount of the same to be fixed by the trial court.