IN RE ESTATE OF GEORGE A. LEONARD.

(63 A2d 179)

Special Term at Rutland, November, 1948.

Present: MOULTON, C. J., BUTTLES, JEFFORDS and CLEARY, JJ., and ADAMS, Supr. J.

Opinion filed January 5, 1949.

*Philip M. M. Phelps* for the appellants.

*J. Malcolm Williams* for the appellees.

CLEARY, J. This is a petition for a declaratory judgment brought by the trustees under the will of George A. Leonard, late of Fair Haven, Vermont, asking for interpretation of the fourth clause of Mr. Leonard's will, which is as follows:

"Fourth: I hereby give, devise and bequeath unto my trustees hereinafter named and appointed, their or his successor, or the trustee or trustees for the time being, referred to as said Trustees, all the rest, residue and remainder of my property, real, personal and mixed, of which I may die seized or possessed, of whatever the

same may consist and wheresoever situated, in Trust, to hold, manage, lease, invest and reinvest the same and out of the income and interest and income derived therefrom after deducting the costs of keeping the real estate in good repair, and the costs of insurance on the same, and the taxes on both the real and personal estate, to pay the same to my said wife during her life in equal quarterly payments, or more often if practicable. And in the event that the income and interest shall not be sufficient for the comfort of my said wife in sickness and in health, I hereby authorize and empower my said Trustees to pay to my said wife so much of the principal of said Trust fund as may be necessary for the comfortable support and care of my said wife in sickness and in health."

The will directed that upon the death of the testator's wife, the principal of the trust fund and property be distributed equally to three nieces, who were the only next of kin surviving him at his death.

The sole question is whether the trustees should compel the testator's widow to use her own property, either of income or principal, or both, before the trustees disturb the corpus of the trust for her comfortable support and care.

The appellants cite only five cases in support of their contention that the widow should first use so much of her own property as she might need over and above the income from the trust.

These cases are all easily distinguishable from the case here because in each instance they make the need for care and support the controlling factor rather than the insufficiency of income from the trust fund to furnish comfort and support.

In *Bridgeport City Trust Co., Trustee* v. *Beach et al,* 119 Conn 131, 174 A 308, the testatrix left half of the residue of her property to a trustee to pay over the income to her son B. and authorized the trustee to withhold any or all of the income, should it not be necessary or should it appear that it was not being used for B's comfortable support and maintenance, and if it be necessary for these purposes to use such portion of the principal as might be necessary. B. had other income from a trust established for him by his father long before his mother made her will. Before she died she instituted conservatorship proceedings to protect him from habits of improvident speculation and wasteful expenditure. The trustee asked whether it should make payments regardless of in-

come that B. received from other sources. The court answered no, that the terms of the trust import an actual need and if B. had other adequate income, no contribution would be necessary.

In *Peckham* v. *Newton,* 15 RI 321, 4 A 758, the testator made specific bequests to his two sisters and sister-in-law and left the residue of his estate in trust, the income to be paid to them, and if it should ever appear to the trustees that more was needed for their comfortable support the trustees were directed to resort to the principal of the residue. The trustees desired to know whether they should break into the capital so long as the life legatees had other property available for their comfortable support. The court answered that while the intent of the testator was not so clearly expressed as to be free from doubt it seemed to be the more reasonable conclusion that he intended to have the capital kept intact so long as the income, together with the available resources of the life legatees, should suffice for their comfortable support.

In *Suesens et al* v. *Daiker et al,* 117 App Div 668, 102 NYS 919, a mother's will provided that the income from the residue of her estate be applied to the maintenance and support of her son during his minority and on his arriving at the age of 21 years any accumulations from the income and the principal be paid over to him or his issue. The son was only 3 years old and in such ill and unfortunate condition that he required more than ordinary care. A motion in his behalf was denied because it did not disclose the financial ability of the father to adequately support the child, but the court held that if the father's ability was inadequate such part of the income from the mother's estate as was necessary should be applied to that purpose and the court gave leave to renew the motion if additional information was supplied.

In *re Hogeboom's Will,* 219 App Div 131, 219 NYS 436, 439, a testatrix left the use of her property to her husband during his life, "he to have only the income thereof, unless he shall need it for his support and maintenance, when he shall have the right to use so much of the principal which together with the income thereof shall be necessary for his comfortable maintenance and support, and in such case, I direct that his funeral expenses be paid from and out of my estate." The court held that the will does not permit the surviving husband to use from the principal of his wife's estate, except on the happening of one condition; that is, that he needs

it—not needs the comfort and support, but needs the money for comfort and support. That need the testatrix did not contemplate would arise until her husband's property had been exhausted.

In *Matter of Martin,* 269 NY 305, 199 NE 491, 494, the testator directed his trustees to pay over to his cousin the net income of the trust fund, and such part of the principal thereof as she may require for her care, support and comfort, during her natural life. The question was whether the gift from principal was conditional, not upon the insufficiency of income to meet the expense of such care, support and comfort, but upon the actual needs or requirements of the beneficiary therefor. The Court said: "The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists."

In reaching its decision that the beneficiary was entitled to have applied a portion of the principal of the trust fund only in event that the income supplemented by her independent income was insufficient to provide for her proper care, support and comfort the court carefully distinguishes that case from *Rezzemini* v. *Brooks,* 236 NY 184, 140 NE 237, 239, where the gift was of the income of a trust fund with the added provision "If the income from my estate shall be insufficient for the proper support of my son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose". In that case the court held that the gift was one of care and support irrespective of sufficiency of income of the fund or of the independent resources of the beneficiary.

In commenting on that case the court in the Martin case, 269, NY 305, 199 NE 491, says "The language there used indicates that the gift was one of income of the fund and so much of the principal thereof as might be necessary for a specified purpose, the purpose being 'the proper support of my said son'. The gift from principal was not in terms made conditional upon the necessities of the son but rather upon the insufficiency of income to provide care and support." That is the exact situation here. In fact the lan-

guage used is almost identical with that in the *Rezzemini* v. *Brooks* will.

The lower court found that at the time of Mr. Leonard's death the homestead premises occupied by his wife and himself were owned by them as tenants by the entirety. It is a very comfortable home, in good repair, and is now owned and occupied by the widow. Mr. Leonard and his wife owned bank accounts, bonds and other personal property jointly with the right of survivorship of approximately $30,000.00 in value, the sole ownership of which was acquired by the widow at Mr. Leonard's death. She also received $2000 life insurance on his life. They had no children. He was 81 years of age when he died. She is now 85 years of age, is nearly blind and very deaf, which makes it necessary for her to have the services of a full time general housekeeper, and the probabilities are that due to her advanced age and infirmities her expenses will increase and that the income from the trust fund will not be sufficient for her comfort, support and care in sickness and in health. In fact during a recent illness she paid out $1800 from her own funds in addition to the income received from the trust fund.

The question comes down to the intent of the testator in the matter. What he intended is to be gathered from a consideration of the whole instrument creating the trust, the nature and object of the trust and all other circumstances which have a bearing on the question. *In re Estate of Boutwell,* 112 Vt 159, 164, 22 A2d 157. In *Phillips* v. *Northfield Trust Co.,* 107 Vt 243, 246, 179 A 154, 155, our Court said: "A surviving spouse is a favorite of the law. It is said in 2 Schouler, Wills (6th Ed.) that our law has always favored the surviving husband, so far as any testamentary disposition by the wife was concerned, and that the latest decisions in this country indicate a growing disposition to favor the surviving wife in the construction of her husband's will. It is frequently said in the cases, as in *Moffett* v. *Elmendorf,* 152 NY 475, 46 NE 845, 57 Am St Rep 529, that provisions in a husband's will for the benefit of the wife should be construed liberally in her favor".

The judgment of the court below ordered the trustees to pay the income and interest from the corpus of the trust here in question and so much of the corpus itself as may be necessary for the comfortable support and care of Amelia M. Leonard in sickness and in health, without regard to her ability to make such pro-

vision for herself in whole or in part from her own separate estate by way of either principal or income or either or both.

The primary purpose of the testator was to provide for the comfort and support of his widow in sickness and in health. The authority which he gave his trustees to use the principal of the trust for that purpose was not conditioned upon the need of his widow but upon the insufficiency of the income from the trust to meet the expense of his widow's comfort and support. We have no hesitancy in affirming the judgment of the court below.

*Judgment affirmed.*