In the Matter of the Estate of ADAM HOEPNER, Deceased.

Surrogate's Court, Chenango County, March 12, 1941.

*Raymond G. Walker*, for Rose C. M. Hoepner, petitioner.

*Charles D. Clinton*, for the trustee, William E. Hoepner, Gertrude Hershaw, Henriette May Kinney and Wilhelmina Hall.

BARNES, S. This is a proceeding under section 145 of the Surrogate's Court Act to determine the rights of the parties under the will of Adam Hoepner, deceased. The will was drawn October 21, 1930, and the decedent died October 1, 1937, and the will has been probated in Chenango county. It creates a trust for the following purposes: " To invest and re-invest the same and receive and collect the interest, rents and income therefrom and to pay the net income, use and interest therefrom unto my wife, Rose C. M. Hoepner for and during the term of her natural life; the said income, use and interest, to be paid to my wife as received by the said trustee, and I hereby order and direct my said trustee to pay from the principal thereof as much thereof as may be necessary for the comfort, care and maintenance of my said wife, and to include medical care, nursing, and hospita' care of my said wife, in case of her sickness and in the event of the death of my said wife to pay from said principal the funeral and burial expenses of my said wife." Letters of trusteeship were issued November 6, 1940.

This trust fund consists of property of the value of $3,474.67, and the income only has been paid to the widow, Rose C. M.

Hoepner. The widow has property of her own, which was acquired prior to her marriage to the decedent, of the approximate value of $5,800. The net income from the trust fund for the past year is conceded to be sixteen dollars per month, and the net income from the widow's individual property is approximately twenty-five dollars per month. The widow is nearly eighty-one years of age and the income from her own property and from this trust fund is insufficient to meet her modest requirements.

The question for determination is whether, under the terms of this will, she is entitled to her support out of the trust fund or whether she is required to use up her own property before invading the principal of the trust fund; also the question of her right to reimbursement for her personal funds which she has expended for her own care and support since the death of the decedent. That no evidence was produced showing that demand had been made upon the trustee for any greater payments than those received prior to the filing of the petition, seems to be exactly parallel with *Matter of Kelly* (166 Misc. 774) and *Matter of Shelly* (159 id. 23), and the reasoning in those cases applies to this case. The application, so far as it applies to the period prior to the filing of this petition, is denied.

In many of the earlier cases it was held that provisions of this nature entitled the beneficiary to be supported from the trust funds independent of and without regard to the income or property of the beneficiary. (*Rezzemini* v. *Brooks,* 236 N. Y. 184.) However, in the case of *Matter of Martin* (269 N. Y. 305) a distinction is made in trusts of this nature according to the phraseology of each individual case, and in that case the court held that the beneficiary was entitled to so much of the principal as was required in the event the income from the trust fund supplemented by her independent income should be insufficient to provide for her proper care, support and comfort. There have been a considerable number of reported cases in the lower courts construing trust provisions of this nature since the *Martin* case, but in no case brought to my attention has it been held that the beneficiary was required to expend his own funds, other than income, before resorting to the principal of the trust fund. (*Matter of Kelly, supra.*)

The testimony shows that the beneficiary, Rose C. M. Hoepner, has denied herself the ordinary comforts of life. She may be somewhat eccentric. The American Experience Table of Mortality shows that the expectancy of life of a person eighty-one years of age is 4.04 years. She has over $9,000 applicable to her support.

I find that the sum of fifty dollars per month is necessary to supplement the income of Rose C. M. Hoepner for her " comfort,

care and maintenance," and in addition thereto, in the event of her sickness, the actual cost of doctors, nurses and hospital care, and her funeral expenses at death.

A decree may be submitted providing for such payment of fifty dollars per month since January 17, 1941, the date of filing of the petition in this proceeding, less all payments made; and also for the payment of doctors, nurses and hospital care for the said Rose C. M. Hoepner, in addition to said sum of fifty dollars per month, in the future, and funeral expenses at death.

Allowances of attorneys for petitioner and for the estate are fixed at seventy-five dollars and disbursements to each.