John D. Bennett, S.
In this accounting proceeding the successor trustee requests a construction to determine whether it *271 may make retroactive payments out of principal. The necessity for the construction arises from a claim filed by decedent’s widow, the life beneficiary of the trust, that she is entitled to retroactive payments for support during a period when she allegedly received no income from the trust.
In addition to the above claim, the decedent’s grandchild challenges, by objections filed, certain payments from principal already made to the widow during the period from January 5, 1959 to December 1, 1960.
The widow is the life beneficiary of the entire residuary trust with certain provisions for the invasion of principal appearing in paragraph ‘ ‘ ninth ’ ’ as follows: ‘ ‘ My trustees, or surviving trustee, may pay over or apply at any time or from time to time during the life time of my wife and also during the time of the trust when my grandson william geier, 3rd, shall be entitled to the income therefrom, such part or all of the principal of the trust fund as my trustees, or surviving trustee, may in their or its absolute discretion deem necessary for the proper care, support or maintenance of my said wife and grandson or for the education of my said grandson. My trustees, or surviving trustee, shall not be responsible for, or required to see to the use of any payments made to my said wife or said grandson. The judgment of my trustees, or surviving trustee, as to the amount of such payments and as to the advisability of such payments shall be final and conclusive upon all persons interested or who may become interested in my estate, and upon making any such payments my trustees, or surviving trustee, shall be fully released and discharged from all further liability or accountability therefor. My trustees, or surviving trustee, need not take into consideration any other funds of my wife or of my grandson in determining what amounts, if any of principal are to be paid to them pursuant to this Article.”
It is the grandchild’s contention, as expressed in the memorandum filed, that the trust permits the invasion of principal only when a need is shown to exist, citing Matter of Martin (269 N. Y. 305), and that for such purpose the trustee is required to consider the separate means and resources of the beneficiary. On the other hand, the successor trustee and the widow have taken the opposite position, citing Matter of Clark (280 N. Y. 155) and related cases. Granting that the law on this question presents in each case a difficult problem of construction, the testator here has seen fit to do away with any uncertainty by expressly providing that his trustees ‘ ‘ need not take into consideration any other funds of my wife * * * in determining what amounts, if any of principal are to be paid to (her) *272 pursuant to this Article ”, By so providing, the testator has not left this subject open to speculation, but has manifested such intention clearly and precisely (2 Scott, Trusts [2d ed.], § 128.4, pp. 939-941).
As the Court of Appeals said in Matter of Bisconti (306 N. Y. 442, 445): “ The application of the rules of construction of wills is for the purpose of determining the intent of the testator where that intent is not clearly expressed by the testamentary words, and the rules of construction are to be disregarded when the language is clear and definite. It is well established that rules of construction are merely subsidiary aids.” (See, also, Matter of Villalonga, 6 N Y 2d 477.) Accordingly the court holds that in exercising its power to invade principal, the successor trustee need not in its discretion take into consideration any other funds of the widow. The successor trustee, in its memorandum, has touched upon the method it followed in determining the amount of principal which it has seen fit to distribute periodically to the widow. It is well settled that the exercise of a discretionary power of invasion is not subject to control by the court, unless such actions or determinations on the part of the trustee amount to an abuse of discretion, bad faith, arbitrary action or fraud (Matter of Downs, 13 Misc 2d 742, and cases there cited). Objection 3 by the grandchild to the payments of principal already made is general in terms, and does not allege any abuse of discretion or bad faith on the part of the successor trustee. As the objection now stands and is presented to the court, it is dismissed.
A somewhat more difficult problem is presented in determining whether principal may be invaded retroactively, because of the lack of .facts either stipulated to or established by the parties. The widow states in her memorandum that during the period from 1955 through 1958 the trust was not set up. During this period, the primary asset of the estate was the corporate stock of the William Geier Brick Company, Inc., a family corporation, whose stock produced no dividends. However, it is apparently a fact that the widow did receive an annual salary of $5,200 from the corporation as its president during most of the same period. But the widow estimates that she was required to expend from her own funds, and in addition to her salary, an amount ranging from between $10,000 and $15,000 from 1955 to 1958 for her support. She states that on November 14, 1958, before the trust was set up and while negotiations were pending for the sale of the estate’s interest in the corporate stock, she advised the successor trustee of her claim for retroactive payments in the amount of $29,169.06.
*273 The objectant’s contention, however, is that the right, if any, to such payments has been waived because of the widow’s failure to make a timely demand, citing Matter of Hoepner (176 Misc. 47) and Matter of Kelly (166 Misc. 774). The court is of the opinion that these cases are not controlling here. In both cases the court held, following Matter of Martin (supra) that the trusts there provided were “need” trusts, that is, a showing of necessity was a prerequisite to the invasion of principal, and the other resources of the beneficiary were required to be considered. Here the testator has to the fullest extent possible granted discretionary authority to his trustee in that regard.
Secondly, in the Kelly case, the trust had been set up and income payments were being made, to which payments the court concluded that the estate of the life income beneficiary could make no objection, since such beneficiary had made no demand for anything more from the trustee during her life. Here, although the facts are somewhat in doubt, it appears that for most of the period during which retroactive payments are claimed, the widow received a salary from the corporation and possible other benefits, but no income as such from the trust. The prior trustee, now deceased, was the son of the decedent, and he managed the corporation and acted as trustee from 1955 until his death in April of 1958. When the present trustee assumed office on December 4, 1958, the only assets received by it were 90 shares of the William Geier Brick Company, Inc. Under these circumstances, the objectant contends the widow is now estopped from claiming retroactive payments. On the contrary, it would appear to the court that such payments have not been waived. Under the will the widow was given the sole right to determine if the corporate stock of the William Geier Brick Company, Inc., should be liquidated. Manifestly, she was aware of her husband’s desire that the business be continued after his death and, if possible, the stock be retained as part of the estate. Although no request or demand was made by the widow from 1955 to November 18, 1958, it is not illogical to assume that she realized that substantial payments of principal to her could not be made then without the liquidation of the corporate stock. Consequently, it was not until such liquidation was eventually realized that a request could effectively be made. Accordingly, the court finds that the widow is not estopped from presenting her claim for retroactive payments to the successor trustee. In any event, the court, in Matter of Van Zandt (231 App. Div. 381) found no difficulty in requiring the reimbursement of the widow retroactively from her husband’s estate for payments expended from her own estate although no demand *274 appears to have been made (see, also, Matter of Allen, 192 Misc. 8, 11).
The successor trustee is accordingly directed to determine in its discretion the extent of the payments, if any, it will make in liquidation of the claim for retroactive payments. Such determination should be presented to the court so that the claim may be disposed of on this accounting. Any remaining objections may be disposed of upon proper application to the court.