Orrin G. Judd, S.
As an incident to the judicial settlement of a trustee’s account, the court is required to construe article ‘ ‘ fourth ’ ’ of the will to determine whether the trustee has authority to invade the principal of the trust, without taking into consideration the other resources of the beneficiary. Additionally, the respondent beneficiary’s representative seeks to have the court direct the trustee to pay the fees and expenses incurred in securing the appointment of a committee.
Testatrix by her will created a trust of the residuary estate, directed her trustee to pay a minimum of $650 every three months to her son for his care and maintenance, and empowered the trustee to invade the corpus ‘ ‘ at any time and from time to time, to pay to my said son, or expend for his benefit, such portion of the principal of his trust as my Trustees, in the exercise of their absolute and uncontrolled discretion, may deem reasonably necessary for the proper support, maintenance, care, comfort, health and well being of my said son, who is the primary object of my solicitude, and to whose best interests I dedicate the principal and income of the trust fund.”
*810 The trust beneficiary, the only child of testatrix, is a judicially declared incompetent confined to a private sanitarium and for whom a committee was appointed by the Supreme Court, Kings County, in June, 1963. The committee for the incompetent controls his individual estate of approximately $19,000. The will of testatrix’ husband, who died shortly after her death, creates a similar trust for this son, with substantially identical provisions for invasion of the corpus.
Where a gift is an absolute charge upon income and principal, the private income of the beneficiary cannot be considered, but it must be considered when the will directs invasion of principal in case of need (Matter of Martin, 269 N. Y. 305). When an absolute gift is made of a sum which is compounded from the elements going into the computation of “ support and maintenance ” it assumes the nature of any other absolute gift and is not subject to defeat by any extraneous condition (Matter of Gatehouse, 149 Misc. 648). Although the will uses the word “ necessary ”, it appears in relation to the definition of support and maintenance, rather than as a limit on the invasion of principal. This is confirmed by the statement that the son is the “ primary object ” of the trust and that both principal and income are dedicated to his best interest.
The court holds that the trustee in its absolute discretion has the power to invade the principal of the trust for the “ proper support, maintenance, care, comfort, health and well being ” of the beneficiary without regard to other resources of the beneficiary. In the exercise of its discretion, the trustee, after the trust under the husband’s will has been established, may properly require that invasions of principal be charged pro rata against the two trusts.
In the absence of abuse of discretion, bad faith, arbitrary action, fraud or diversion of the fund to improper purposes, the courts will not ordinarily interfere with the exercise of discretion which has been confided to the trustee (Matter of Hayden, 172 Misc. 669).
With respect to the payment of expenses in securing the appointment of a committee, the will does not appear broad enough to sustain the committee’s claim. The will is concerned with the support and maintenance of the son, and not with expenditures for the preservation of the son’s own property (Matter of Hayden, supra, pp. 681-682).