297 So.2d 91 (1974)
SARASOTA BANK & TRUST COMPANY, As Trustee under the Agreement with Henry E. Jones, Dated November 7, 1961, As Amended, Appellant,
v.
Nora H. RIETZ, Formerly Nora H. Jones, Appellee.
No. 73-334.
District Court of Appeal of Florida, Second District.
June 7, 1974.
Rehearing Denied July 26, 1974.
*92 David S. Yost of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellant.
Charles J. Cheves, Jr., of Cheves & Hazen, Venice, for appellee.
MANN, Chief Judge.
Henry Jones established a trust in 1961 naming the appellant bank as trustee. Appellee, Jones' now remarried widow, is the income beneficiary of the trust. In addition, the trustee
"... may pay such sums from principal as, in the discretion of the trustee, are suitable or desirable to maintain my said wife in the standard of living to which she was accustomed during my lifetime, and to provide for her such luxuries, pleasures and recreation as she should desire. In making such invasion of the principal, the trustee shall not consider any other resources of my wife, or any other source of income."
In 1967 the bank sought construction of the trust instrument in a proceeding which culminated in an order entered several months after the widow's remarriage, fixing the amount to which she is annually entitled at $11,880.
In 1972 Mrs. Rietz initiated the present action. She alleges that the bank refused to authorize payment for new heating and air conditioning equipment in her home and to increase generally the amounts paid to her as stipulated in the prior order. The trustee is alleged to have acted arbitrarily. It counterclaimed, asking the court to determine whether it should consider Mr. Rietz's ability to support his wife in determining whether principal invasions are necessary to maintain Mrs. Rietz's standard of living. This latter question was dealt with by the trial court by a statement that the trustee is not entitled to relief on its counterclaim. We think no harm ensues from either construction of the court's order. The direction is specific, and while a trustee might be entitled to construction of ambiguous language we think the counterclaim does not present an issue on which clarification is necessary. Certainly the trustee would not have initiated an action to construe it. Taking the order as a construction of the language to exclude consideration of the support furnished by the beneficiary's husband, the ruling  if it is that  is correct. See In Re Geier's Will, Sur.Ct., 1961, 304 Misc.2d 270, 216 N.Y.S.2d 240; In Re Gatehouse's Will, Sur.Ct., 1933, 149 Misc. 648, 267 N.Y.S. 808. An extensive annotation at 41 A.L.R.3d 255 deals with the question generally, but excludes cases like this one where specific direction is given.
*93 We find the record devoid of evidence that the trustee has acted dishonestly, arbitrarily or from an improper motive. Restatement Trusts 2d, § 187 states:
"Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion."
The position of the trustee is that the $11,880 paid annually to the beneficiary includes $1200 on account of repairs. This sum was to be contrasted with actual expenditures in 1964 of $496.62; in 1965, $737.14; in 1966, $952.19; and in 1967, $1,011.56. Invasion of principal has been necessary to pay $11,880.
The question is not whether the trial judge or the judges on this panel would construe repairs to include the replacement of air conditioning equipment. The question is whether the trustee acted improperly in so construing the instrument, and we find no evidence that it did. The view that the allowance for repairs should, over the years, permit replacement of this equipment is not untenable.
In addition, the court found that the cost of living has risen since July 29, 1968, a conclusion with which there can hardly be disagreement. It does not follow from this, however, that the specific expenditures required to maintain Mrs. Rietz's standard of living have increased accordingly, or at all. Some minor expenditures seem in fact to have declined. The arbitrary application of a U.S. Department of Labor consumer cost-of-living index to determine the obligation of a trustee vested with broad discretionary powers, compelling it to increase Mrs. Rietz's allowance by 21.5 percent, is error. The obligation rests primarily upon the beneficiary to show a need for additional income, and before a court should intervene there must be a showing that the trustee has acted improperly. That has not been done in this case. Accordingly, the judgment appealed from is affirmed insofar as it relates to consideration of Mr. Rietz's ability to support Mrs. Rietz. In all other respects the judgment is reversed and remanded.
McNULTY and BOARDMAN, JJ., concur.