546 So.2d 755 (1989)
BARNETT BANKS TRUST COMPANY, N.A., Appellant,
v.
Lois Rene HERR, Appellee.
No. 88-2839.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Gustafson, Stephens, Ferris, Forman & Hall and Casey W. Mills and Gerald L. Knight, Ft. Lauderdale, for appellant.
Richard M. Gale, Miami, Daniel C. George, North Miami, and Aylin Fraxedas, Miami Lakes, and Mervyn L. Ames, for appellee.
Before HUBBART, LEVY and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the trustee of a residuary trust created by a will [Barnett Banks Trust Co., N.A.] from a final declaratory judgment construing a provision of the subject trust. The trust provision in the will provided:
"The Trustee shall pay to or for the benefit of my wife such part of the principal of the Residuary Trust as the Trustee, in its discretion, shall consider necessary or advisable for her health, maintenance and support, taking into consideration the standard of living to which she is accustomed at my death and all other income available to her from all sources known to the Trustee; provided, however, that no distribution of principal shall be made to my wife until the principal of the Marital Deduction Trust described in Item V has been exhausted."
The final declaratory judgment construed the above provision to mean that (1) upon an encroachment request by the beneficiary of the trust [Lois Rene Herr, the testator's wife], the trustee is required to compare the standard of living enjoyed by *756 the beneficiary at the time of the encroachment request with the standard of living enjoyed by the beneficiary at the time of the encroachment request with the standard of living enjoyed by the beneficiary at the time of the testator's death; (2) if the beneficiary's standard of living at the time of the encroachment request is less than the beneficiary's standard of living at the time of the testator's death, the trustee must invade the corpus of the trust for the benefit of the beneficiary; and (3) in determining the amount of the corpus encroachment required to bring the beneficiary's standard of living to the level of the beneficiary's standard of living at the time of the testator's death, the trustee "can look only to income [presently] available from all sources" to the beneficiary, but not to the beneficiary's current non-income producing assets.
We conclude that the above construction of the residuary trust fully comports with the plain language of the will, as well as the testator's intent to provide adequate income for his wife so that she could continue to maintain the standard of living she enjoyed at the time of the testator's death without selling off her non-income producing assets. We have not overlooked the trustee's extensive arguments to the contrary, but are not persuaded thereby. See Sarasota Bank & Trust Co. v. Rietz, 297 So.2d 91, 92 (Fla. 2d DCA 1974); In re Johnson's Estate, 46 Misc.2d 52, 258 N.Y.S.2d 922 (Surr.Ct. 1965); In re Robichon's Will, 105 N.Y.S.2d 491 (Surr.Ct. 1951). See generally Annotation, Propriety of Considering Beneficiary's Other Means Under Trust Provision Authorizing Invasion of Principal for Beneficiary's Support, 41 A.L.R.3d 255 (1972).
The final declaratory decree under review is therefore, in all respects,
Affirmed.